IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID SOLIMA, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) Case No. _____ |
| | ) COMPLAINT OF AGE DISCRIMINATION |
| v. | ) |
| | ) |
| CITY OF BRENTWOOD | ) JURY DEMAND |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW the Plaintiff, David Solima, by and through counsel, and submits this Complaint against the City of Brentwood as employer, and hereby alleges as follows:

### PARTIES

1. Plaintiff, David Solima, at all relevant times mentioned herein was, and is, a resident of Williamson County, Tennessee and in excess of forty (40) years of age.

2. Defendant City of Brentwood is a municipality located within Williamson County, Tennessee. Brentwood has adopted the city manager-commission form of government and Chapters 18-22 of Title 6 of the Tennessee Code as its charter. Brentwood owns and operates a Department of Public Works. The City of Brentwood may be served through the city attorney, Kristen Corn, at 5211 Maryland Way, Brentwood, TN 37027.

3. The Defendant, City of Brentwood is, and at all pertinent times was, an "employer" as defined by Title VII.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634. This is an action for unlawful employment practices brought under Title VII.

5. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under laws of the United States.

6. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Defendant is either located, reside, or does business in this District.

7. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to Title VII, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued a Notice of Right to Sue and this action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. Plaintiff, David Solima, at all relevant times mentioned herein was, and is, a resident of Williamson County, Tennessee and in excess of forty (40) years of age.

9. Defendant City of Brentwood is a municipality located within Williamson County, Tennessee. Brentwood has adopted the city manager-commission form of government and Chapters 18-22 of Title 6 of the Tennessee Code as its charter. Brentwood owns and operates a Department of Public Works. The City of Brentwood may be served through the city attorney, Kristen Corn, at 5211 Maryland Way, Brentwood, TN 37027.

10. The Defendant, City of Brentwood is, and at all pertinent times was, an "employer" as defined by the Tennessee Code Annotated

## FACTS

11. Plaintiff began his employment with Defendant on August 6, 2018, and he intended to work until he reached at least the age of 70, after his son graduated from college.

12. Plaintiff is 65 years old.

13. Plaintiff was referred to as "Old Dave" during his employment with the City of Brentwood.

14. Other employees were not referred by a nickname with a reference to their age.

15. Defendant hired plaintiff as a maintenance worker within the public works department and his job responsibilities included operating equipment; providing heavy manual labor; and assisting more experienced journeymen in labor-related duties.

16. Throughout his employment, Mr. Solima met all applicable job applications and performed the job in a manner that fully met the Defendant's legitimate expectations.

17. During his employment, Plaintiff never received any negative evaluations.

18. During his employment, Plaintiff never violated any employee policies.

19. In 2018, Plaintiff earned $10,856.52 from August 6, 2018-December 31, 2018.

20. Plaintiff requested to be paired with a non-smoking public works employee.

21. Plaintiff requested to not be paired with a public works employee who was verbally and physically abusive.

22. The Director of Human Resources, Michael Worsham, suggested the Director of Public Works schedule a meeting with Plaintiff in order to allow Plaintiff to explain to Hoppenstedt about his complaints within the department. Mr. Hoppenstedt scheduled this meeting on January 15, 2019.

23. Rather than investigate any of Plaintiff's complaints, pursuant to the city's employment policies and procedures, Defendant terminated Plaintiff on January 16, 2019, twenty-one days prior to the end of his mandatory probationary period.

24. The probationary period is an integral part of the City's evaluation process and shall be utilized by the department head and supervisor as an opportunity to observe the probationary employee's work, to train, to aid the probationary employee in adjusting to the position, and to dismiss any probationary employee whose performance or attendance fails to meet acceptable standards.

25. Defendant never informed plaintiff of any performance issues.

26. Plaintiff did not fail to meet acceptable attendance standards.

27. On January 16, 2019, Plaintiff was wrongfully discharged by Public Works Director Todd Hoppenstedt.

28. Defendant terminated Plaintiff immediately after the January 15, 2019 meetings without performing a fair and adequate investigation, without cause, and with discriminatory motives. Defendant never interviewed other employees after the January 15, 2019 meeting.

29. Plaintiff is informed and believes, none of the employees who had violated state law or city policies were disciplined pursuant to the effective policies and procedures.

30. If Defendant had performed a fair and adequate investigation of the violations, Defendant would have learned that Plaintiff's complaints had merit.

31. Following his wrongful discharge, Plaintiff has suffered grave damages, including loss of a guaranteed income, loss of pertinent benefits.

**ADMINISTRATIVE EXHAUSTION**

32. Plaintiff filed a timely complaint with the Equal Employment Opportunity

Commission regarding Defendant's discriminatory conduct on July 18, 2019.  Plaintiff

## FIRST CAUSE OF ACTION
### (Age Discrimination under Title VII and 42 U.S.C. 1981  )

33.     Plaintiff incorporates herein by reference the factual allegations outlined in paragraphs 1 through 32.

34.     Pursuant to Title VII, it is illegal for an employer such as Defendant to discriminate against anyone with regards to compensation, terms, conditions, or privileges of employment on the basis of that individual's "race, creed, color, religion, sex, age, or national origin."

35.     As a direct and proximate result of the Defendant's violation of Title VII, Plaintiff has suffered and will continue to suffer loss of earnings and other employment benefits, irreparable injury, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in the amount of $300,000, reinstatement, back pay, front pay, and attorneys' fees and costs for having to bring forth this lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff, David Solima, demands judgment against the Defendant, City of Brentwood, including the following relief:**

1. **For summons to issue as directed in the caption by certified mail,**
2. **An award of damages to the Plaintiff to compensate Plaintiff for past and future loss of income and employment benefits, loss of social security earnings, past and future pain and suffering, and emotional distress;**
3. **For an award of attorney's fees, costs, and pre and post judgment interest;**
4. **Jury trial; and,**
5. **Any and all other relief to which the Plaintiff might appear entitled.**

**Respectfully submitted this April 20, 2020,**

s/ Melissa A. Morris
Melissa A Baker BPR # 035018
8011 Brooks Chapel Rd, Unit 2422
615-686-2310
615-210-3933 fax
Melissa@nashvillelegaljustice.com

*Attorney for Plaintiff*