IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID SOLIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00338 |
| ) | Judge Aleta A. Trauger |
| CITY OF BRENTWOOD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

Before the court are defendant City of Brentwood's Motion for Judgment on the Pleadings (Doc. No. 16) and plaintiff David Solima's Motion for Leave to Amend Complaint (Doc. No. 24), filed in response to the defendant's motion. For the reasons set forth herein, the court will grant the plaintiff's motion and deny the defendant's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Solima filed his original Complaint on April 20, 2020, invoking the court's jurisdiction under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34 (*see* Compl., Doc. No. 1 ¶ 4), but erroneously purporting to state claims of age discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981, neither of which prohibits age discrimination. Although the original Complaint asserts that the plaintiff is 65 years old and was terminated from his job with the City of Brentwood ("City" or "defendant"), the original Complaint does not expressly allege that the plaintiff has direct evidence of discrimination on the basis of age (other than the fact that he was referred to as "Old Dave" during his employment) or that he was treated less favorably than younger employees or replaced by a younger employee. The City of Brentwood ("City" or "defendant") filed an Answer in which it

asserts, among other defenses, that the Complaint fails to state a claim for which relief may be granted. (Doc. No. 8, at 4.)

The court conducted an initial case management conference and then entered an Initial Case Management Order on July 6, 2020. (Doc. No. 13.) The Initial Case Management Order includes a September 11, 2020 deadline for filing motions to amend pleadings. (*Id.* ¶ G.)

The City filed its Rule 12(c) Motion for Judgment on the Pleadings and supporting Memorandum on December 22, 2020, arguing that the Complaint failed to state a claim for which relief could be granted under Title VII, § 1981, or—assuming that the plaintiff had intended to do so—the ADEA. (Doc. Nos. 16, 17.)

In response, the plaintiff filed his Motion for Leave to Amend, to which is attached the proposed Amended Complaint. (Doc. Nos. 24, 24-1.) Contemporaneously therewith, he also filed his Response to Defendant's Motion for Judgment on the Pleadings. (Doc. No. 26.)[1] As relevant here, the proposed Amended Complaint eliminates reference to Title VII and § 1981 and sets forth new causes of action under the ADEA and 42 U.S.C. § 1983. In addition, it contains new factual allegations regarding the plaintiff's alleged treatment by the City, specifically including an assertion that "Defendant terminated Plaintiff and hired a younger employee not in his protected class, age 40 or above." (Doc. No. 24-1 ¶ 37.)

The City filed a Reply in support of its Motion for Judgment (Doc. No. 28) and a Response in Opposition to the Motion for Leave to Amend (Doc. No. 29), both of which argue that the plaintiff should not be granted leave to amend.

---

[1] This document is actually a corrected replacement for the Response memorandum filed one day previously. The plaintiff also filed, completely unnecessarily, a separate document styled as Plaintiff's Objection and Response to Defendant's Motion for Judgment on the Pleadings. (Doc. No. 25.)

## II. MOTION FOR LEAVE TO AMEND

### A. The Parties' Positions

The plaintiff's Motion for Leave to Amend relies on Rule 15, specifically Rule 15(a)(2) and (d). (Doc. No. 24, at 1.) It states that the plaintiff seeks to "add more specific facts in the complaint and for the complaint to match the evidence" produced thus far in discovery. (*Id.*) It adds that discovery is ongoing and that defendant had cancelled depositions scheduled to take place in December, with the understanding that they would be rescheduled.

In its Response, the City argues that leave to amend should be denied because: (1) the plaintiff has not met the standard for amending under Rule 15(d); (2) the plaintiff has failed to provide good cause for seeking leave to amend four months outside the deadline established by the Initial Case Management Order, as required by Rule 16; (3) the City would be prejudiced by the granting of leave to amend; (4) the amendment was sought with "undue delay"; and (5) the proposed amendment would be futile.

### B. Rules 15 and 16

The court readily concludes that the plaintiff's motion does not fall within the purview of Rule 15(d). Rule 15(d) governs the filing of "Supplemental Pleadings" and specifically authorizes the court to grant a party leave to supplement a pleading to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The plaintiff may have uncovered additional facts supporting his claim during discovery, but, as the defendant argues, the proposed Amended Complaint does not contain any new allegations concerning events that took place after the filing of the original Complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that, if a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) specifically directs courts to "freely give leave [to

amend] when justice so requires." The Sixth Circuit interprets this rule as embodying a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Denial may nonetheless be appropriate when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In addition, however, the Sixth Circuit has recognized that a motion for leave to amend filed after the deadline for such motions has expired "implicates" Rule 16 of the Federal Rules of Civil Procedure, in addition to Rule 15. *Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003)). Under Rule 16, a scheduling order "must limit the time to . . . amend the pleadings," and the schedule may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (b)(4).[2] Thus, "notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must meet Rule 16's good-cause standard in order for the district court to amend the scheduling order." *Carrizo*, 661 F. Appx. at 367 (citing *Leary*, 349 F.3d at 909). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations omitted).

---

[2] In addition, courts are authorized under Rule 16 to sanction any party or attorney who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

### C. Discussion

#### 1. *Good Cause and Prejudice*

In this case, the plaintiff has not actually sought leave to amend the scheduling order, nor has he invoked Rule 16 and its "good cause" requirement. Generously construing the motion, however, the court understands the plaintiff to be arguing that the defendant will not be prejudiced by the amendment, because discovery is ongoing and depositions have been rescheduled at the defendant's request. In addition, the plaintiff implicitly recognizes that the original Complaint is deficient, not only because of counsel's mistake in referencing inapplicable statutes, but also because it fails to articulate relevant facts to support the ADEA claim. The plaintiff also appears to be arguing that he has good cause and was not dilatory in filing the motion, as it was prompted by new evidence learned in the course of discovery.

Despite counsel's clear and largely inexcusable errors, the court finds that the plaintiff has presented—just barely—good enough cause for allowing the amendment of the Complaint after the expiration of the scheduling deadline. First, disallowing the amendment would almost certainly be fatal to the plaintiff's ability to pursue his age discrimination claim, irrespective of its potential merit. And second, although it argues to the contrary, the defendant has not shown that it would suffer prejudice if the amendment is permitted. Allowing the plaintiff to amend the Complaint would not require extending any other deadlines or even change the scope of discovery, as it is clear from the affirmative defenses in the Answer and the arguments in the defendant's Motion for Judgment on the Pleadings that the defendant has been on notice at all times that the plaintiff intended to state a claim for age discrimination. (*See* Doc. No. 8, at 8 (asserting that "[t]he plaintiff cannot present evidence to establish a prima facie case under the Age Discrimination in Employment Act"; "[t]he plaintiff was not subjected to any form of discrimination or retaliation in violation of the Age Discrimination in Employment Act"; and "[t]he plaintiff was not terminated

because of his age"); Doc. No. 17, at 5–12 (arguing that the Complaint fails to state a claim under the ADEA). The fact that the plaintiff also brings a claim under 42 U.S.C. § 1983 does not change the analysis, as the defendant does not suggest what additional discovery either party would require in order to pursue or defend against this claim.

### 2. Undue Delay

"[O]rdinarily, delay alone will not justify the denial of leave to amend the complaint." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005). At some point, however, a party's delay justifies denying leave to amend when the "delay" becomes "undue," thus "placing an unwarranted burden on the court" or "an unfair burden on the opposing party." *Id.* (quoting *Morse*, 290 F.3d at 800 (6th Cir. 2002)). This consideration is usually relevant to motions brought at a "late stage in the litigation," at which point the movant has "an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).

At this early stage in the litigation, the defendant cannot show undue delay unless it can also show that the delay caused it prejudice or that the plaintiff has been dilatory, acted in bad faith, or repeatedly failed to cure deficiencies through previously allowed amendments. As set forth above, the defendant cannot show prejudice. Moreover, although the plaintiff waited until more than four months after the deadline expired to file his motion, it was filed just after, and clearly in response to, the defendant's Motion for Judgment. The progression of this case does not suggest undue delay.

### 3. Futility

The defendant also argues, in both its opposition to the Motion for Leave to Amend and its Reply in support of its Motion for Judgment on the Pleadings, that the proposed amendment would be futile. The City addresses only the amendment as it relates to the ADEA claim, without

referencing the § 1983 claim. On the point of futility, the Sixth Circuit has explained that, "where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

In reviewing a Rule 12 motion to dismiss, whether under Rule 12(b)(6) or 12(c), the court takes as true "all well pleaded material allegations of the pleadings of the opposing party . . . , and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). A court should grant the motion only if "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank*, 510 F.3d at 582.[3]

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, to withstand a Rule 12 motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

---

[3] The plaintiff has argued both that the Rule 12(c) motion is "premature as the parties are still in discovery" and that the motion is untimely, as it "should have" been filed under Rule 12(b)(6), prior to its Answer. (Doc. No. 26, at 3, 4.) These assertions reflect a fundamental misunderstanding of Rule 12. Most notably, Rule 12(h)(2)(B) specifically authorizes parties to move for dismissal for failure to state a claim in a Rule 12(c) motion.

The question raised by the futility argument is whether the proposed Amended Complaint adequately alleges facts to support a claim for age discrimination in violation of the ADEA. The ADEA prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To succeed on an ADEA claim, a plaintiff must show that age was the "but for" cause of an adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 (2009). A plaintiff "may show a violation of the ADEA through either direct or circumstantial evidence." *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir. 2021) (citation omitted). A plaintiff may establish a *prima facie* case under the ADEA by demonstrating that he was (1) a member of a protected class of persons (*i.e.*, persons 40 years of age or over); (2) discharged; (3) qualified for the position held; and (4) replaced by someone outside the protected class. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008).

Despite the rather terse allegations of the Amended Complaint, Solima has adequately pleaded facts to state a plausible claim for relief under the ADEA. He has pleaded facts that, taken as true, state a *prima facie* case under the ADEA: (1) that he is sixty-five years old, and thus a member of the protected class; (2) that he was terminated from his position with the City; (3) that he was qualified for the job; and (4) that the City replaced him with someone outside the protected class. (Doc. No. 24-1 ¶¶ 1, 8, 12, 16, 32, 33, 37.) Notably, a plaintiff is not required to plead each element of a *prima facie* case of discrimination, as the *prima facie* case "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002). Instead, a plaintiff must satisfy Rule 8(a)'s pleading standard, requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But in this case, Solima

has alleged facts supporting a *prima facie* case, and these allegations are not mere "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

The City argues, specifically with respect to the allegation that he was replaced by someone outside the protected class, that Solima only states bare conclusory allegations, which are insufficient to establish a claim for relief. It asserts that the plaintiff was required to identify by name and age the individual who replaced him. (Doc. No. 28, at 4.) However, the cases the City cites in support of that contention are distinguishable from the present case. For instance, in the first, *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446 (6th Cir. 2018), the only factual allegations in support of the plaintiff's age discrimination claim were that she was over the age of 40 when she was discharged and that the defendant's conduct in firing her "was inconsistent with the way Plaintiff was treated in her many years of service . . . , and inconsistent with the way other employees similarly situated, who were younger, were treated. . . . Younger employees that were performing on a par with Plaintiff were still working with [the defendant] after Plaintiff's discharge." *Id.* at 447. The district court dismissed the ADEA claim, finding that the plaintiff failed to allege facts "regarding how younger employees were treated differently than [the plaintiff], how those employees were 'similarly situated,' how much younger those employees were, or what [the plaintiff] meant by her allegation that younger employees were 'performing on a par' with her at the time of her firing." *Id.* The Sixth Circuit affirmed on the basis that the plaintiff's complaint

> needed to present factual allegations sufficient for the court to draw a reasonable inference of discrimination. In the absence of facts regarding the ages or positions of the younger, similarly-situated employees, or any example of how those employees were treated differently, the court could not do so.

*Id.* at 448.

Similarly, in *House v. Rexam Beverage Can Co.*, 630 F. App'x 461 (6th Cir. 2015), the other case cited by the defendant, the plaintiff bringing an ADEA claim alleged only that the

defendant "treated [him] less favorably than substantially younger employees" and that "substantially younger employee/s [sic] assumed [his] duties and responsibilities." *Id.* at 462. The court found that the complaint was "devoid of facts that would support" an inference of age discrimination. *Id.* at 463.

In this case, the plaintiff does not claim that he was treated differently in some vague way from similarly situated younger employees. Instead, he affirmatively alleges that he was replaced by an employee who was outside his protected class. Contrary to the defendant's suggestion, this is not a conclusory allegation. *Accord Cosby v. Hoffman-La Roche, Inc.*, No. 2:10-CV-180, 2010 WL 5092779, at *3 (S.D. Ohio Dec. 7, 2010). Under the plaintiff's theory of recovery in this case, the mere failure to identify the younger employee does not doom the claim. A complaint need not contain "detailed factual allegations" to survive a motion to dismiss; it only requires allegations that nudge a complaint "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. Solima's allegations satisfy the plausibility standard. The proposed amendment, in other words, would "survive a motion to dismiss" and, therefore, would not be futile. *Thiokol Corp.*, 987 F.2d at 383.

The plaintiff has (barely) established good cause for filing an amended pleading outside the scheduling deadline for purposes of Rule 16, and the defendant has failed to show that leave to amend should be denied under Rule 15. The court, therefore, will grant the plaintiff's motion.

### III.    MOTION FOR JUDGMENT ON THE PLEADINGS

The court has concluded that the plaintiff should be granted leave to amend the Complaint. The Motion for Judgment on the Pleadings, which seeks dismissal of the original Complaint, will be denied as moot.

Case 3:20-cv-00338   Document 31   Filed 05/07/21   Page 10 of 11 PageID #: 146

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's Motion for Leave to Amend Complaint (Doc. No. 24) is **GRANTED**, and the Clerk is **DIRECTED** to docket the proposed Amended Complaint (Doc. No. 24-1) separately.

The defendant's Motion for Judgment on the Pleadings (Doc. No. 16) is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge